UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MANVIR SINGH,

          Petitioner,

    v.

PAMELA BONDI et al.,

          Respondents.

No.  1:26-cv-00789-DAD-CKD

ORDER CONVERTING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER INTO A MOTION FOR PRELIMINARY INJUNCTION AND GRANTING IT IN PART

(Doc. No 2)

On January 29, 2026, petitioner filed a motion for temporary restraining order.  (Doc. No. 2.)  On February 2, 2026, the court issued an order directing respondents to file an opposition to the pending motion in which they were instructed to "substantively address whether any provision of law or fact in this case would distinguish it from this court's decision in *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), *Perez v. Albarran*, No. 1:25-cv-01540-DAD-CSK (HC), 2025 WL 3187578 (E.D. Cal. Nov. 14, 2025), and other similar cases previously decided by this court, or otherwise indicate that the matter is not substantively distinguishable."  (Doc. No. 8.)  The parties have presented conflicting accounts of petitioner's immigration history – petitioner argues that he was released on his own recognizance in 2024, and respondents argue that petitioner's first encounter with immigration

1

officials was when he was arrested on December 10, 2025.  (Doc. Nos. 2-1 at 9; 10 at 1–2.)  Because of these inconsistencies, the court ordered supplemental briefing in which petitioner was directed to file proof of his release on recognizance and further ordered the parties to brief on the impact of the court's amended order in *Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025) on this action.  (Doc. No. 11.)  The parties filed supplemental briefing on February 5, 2025.  (Doc. Nos. 12, 13.)

In his supplemental brief, petitioner concedes that his reference to a prior release on his own recognizance was "inadvertent and erroneous" because petitioner was not detained by immigration officials prior to December 10, 2025.  (Doc. No. 12 at 2.)  Nonetheless, petitioner argues that he falls squarely within the *Bautista* class which therefore entitles him to a bond hearing because:  (1) Petitioner entered the United States without inspection in August 2023; (2) Petitioner was not apprehended by immigration officials until December 10, 2025; and (3) Petitioner is not subject to any mandatory detention statutory provision at the time of the government's initial custody determination. (*Id.* at 5–6.)  Respondent argues that *Bautista* has no effect on this case because:  (1) The court in *Bautista* lacked jurisdiction to grant habeas relief outside of the Central District of California and petitioner's claim here sounds in habeas; and (2) Even if *Bautista* has preclusive effects outside of the Central District of California, the court here should decline to adopt it since an appeal is pending before the Ninth Circuit Court of Appeals in the *Bautista* case.  (Doc. No. 13 at 1–6.)  Respondents have also agreed "that Petitioner's motion for a temporary restraining order may be converted into a motion for a preliminary injunction without further briefing."  (Doc. No. 10 at 2.)

It is undisputed that petitioner resided in the United States from August 2023 until his arrest on or about December 10, 2025.  He was also arrested inside the United States, has no criminal history, and there is no indication that petitioner has a final order of removal or is subject to § 1226(c).  In light of these circumstances, the court finds respondents' arguments to be

/////

/////

/////

2

unpersuasive.  Final judgment was entered for the class certified in *Bautista*.  *See Rangel v. Noem*, No. 1:26-cv-00084-DAD-CSK, 2026 WL 73996, at *2 (E.D. Cal. Jan. 9, 2026); *Coronel–Hernandez v. Woosley*, No. 4:26-cv-20-DJH, 2026 WL 227011, at *4 (W.D. Ky. Jan. 28, 2026).  "The doctrine of *res judicata* ensures the finality of decisions.  . . .  The doctrine applies to jurisdictional issues as well as substantive issues."  *Americana Fabrics, Inc. v. L&L Textiles, Inc.*, 754 F.2d 1524, 1528-29 (9th Cir. 1985).  The district court in *Bautista* held that it had jurisdiction to enter relief.  2025 WL 3713987, at *29–30.  The Ninth Circuit has "held that a final judgment retains its collateral estoppel effect, if any, while pending appeal."  *Collins v. D.R. Horton, Inc.*, 505 F.3d 874, 882–83 (9th Cir. 2007) (collecting cases and noting that "the benefits of giving a judgment preclusive effect pending appeal outweigh any risks of a later reversal of that judgment.").  Therefore, the court incorporates here the reasoning set forth in *Rangel* and concludes that petitioner is entitled to a bond hearing.

Accordingly, the court hereby CONVERTS the motion for temporary restraining order into a motion for preliminary injunction and GRANTS it as follows:  (1) Respondents are ORDERED to provide petitioner with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven (7) days of the date of entry of this order; (2) petitioner's request for a temporary restraining order requiring respondents to immediately release him from confinement is DENIED without prejudice.  Under the circumstances of this case, petitioner will not be required to post bond pursuant to Rule 65(c) of the Federal Rules of Civil Procedure.  The petition for writ of *habeas corpus* (Doc. No. 1) is referred to Magistrate Judge Carolyn K. Delaney for further proceedings.

IT IS SO ORDERED.

Dated:   **February 5, 2026**                        _____
                                                      DALE A. DROZD
                                                      UNITED STATES DISTRICT JUDGE

3