UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MANVIR SINGH,

Petitioner,

v.

PAMELA BONDI et al.,

Respondents.

No.  1:26-cv-00789-DAD-CKD (HC)

ORDER DENYING PETITIONER'S MOTION TO ENFORCE JUDGMENT

(Doc. No 17)

On January 29, 2026, petitioner, proceeding with the assistance of counsel, filed a motion for temporary restraining order.  (Doc. No. 2.)  On February 6, 2026, the court issued an order that converted petitioner's motion for temporary restraining order into a motion for preliminary injunction and ordered respondents to provide petitioner with an individualized bond hearing before an immigration judge ("IJ") pursuant to 8 U.S.C. § 1226(a).  On February 17, 2026, in response to an order from the assigned magistrate judge, respondents filed a status report that indicated petitioner was provided with a bond hearing before an IJ on February 11, 2026.  (Doc. No. 16.)

On March 17, 2026, petitioner filed a motion to enforce judgment seeking his immediate release from immigration custody or a second bond hearing.  (Doc. No. 17.)  Petitioner argues that the bond hearing he received on February 11, 2026 was inadequate because the IJ:  (1) relied upon "speculative, irrelevant, and unsupported factors;" (2) failed to consider less restrictive

1

alternatives to detention; and (3) improperly shifted the burden of proof to petitioner. (Doc. No. 17 at 2–9.) He further contends that administrative exhaustion should be waived in this case because petitioner would remain in respondents' custody while exhausting his administrative remedies which constitutes irreparable harm. (*Id.* at 3.) Petitioner has not attached a transcript of the bond hearing to his motion for enforcement.

On March 24, 2026, respondents filed an opposition to the motion to enforce judgment. (Doc. No. 19.) In support of their opposition, respondents attach the IJ's bond denial order. (Doc. No. 19-1.) Respondents argue that the IJ's order demonstrates that petitioner received the individualized hearing ordered by this court and that the IJ denied petitioner release on bond based on the evidence presented. (Doc. No. 19 at 1–2.) The order reflects that the IJ denied bond based upon the finding that petitioner posed a flight risk. (Doc. No. 19-1 at 2.) According to the order, the IJ's flight risk finding was based upon petitioner's lack of "employment that meets his most basic needs," his parents' lack of status in the United States[1], and the fact that he entered the United States from Canada making relief from removal apparently less likely. (*Id.*)

On March 25, 2026, petitioner filed a reply to respondents' opposition. (Doc. No. 20.) He argues therein that the IJ failed to meaningfully consider the evidence that petitioner presented at his bond hearing, namely, evidence regarding his financial circumstances and available alternatives to his detention. (*Id.* at 2–5.) In support of this argument, petitioner attached to his reply the evidence that he purportedly submitted at the bond hearing. (Doc. No. 20-1.)[2]

**A.      Motion to Enforce Judgment**

Having considered the parties' arguments and the evidence submitted in support thereof, the court finds instructive the reasoning in its prior order *Fernandez Vasquez v. Cruz*, No. 1:26-

---

[1]  Respondents appear to characterize the IJ's reference to the parents' lack of status as reflecting that they were not reliable sureties (Doc. No. 19 at 1), but there is no indication in the IJ's order that this was what the reference to their status was intended to reflect or what relevance it had to the IJ's flight risk determination.

[2]  That evidence includes identifying and personal information (copies of driver's licenses, passports, tax returns and similar items) of individuals who are not parties to this action. (Doc. No. 20-1.) These documents should not appear on the public docket and will be addressed further below.

2

cv-00476-DAD-EFB, 2026 WL 252055 (E.D. Cal. Jan. 30, 2026) where the undersigned concluded that the petitioner was required to exhaust his administrative appeals challenging the IJ's bond decision.  Here, petitioner has received a bond hearing and now returns to this court arguing that the IJ failed to apply the proper legal standard and failed to appropriately consider the evidence at the bond hearing.  (Doc. Nos. 17 at 4–9; 20 at 2–5.)  Accordingly, the court incorporates the reasoning outlined in *Fernandez* and concludes that, under these circumstances, petitioner must exhaust his administrative remedies.  *Fernandez*, 2026 WL 252055, at *2–4; *see also Martinez v. Scott*, No. 2:25-cv-01538-TSZ-GJL, 2025 WL 2689844, at *6 (W.D. Wash. Aug. 27, 2025) (rejecting the argument that exhaustion should be waived for petitioners who remained in immigration custody after receiving a bond hearing), *report and recommendation adopted*, No. 25-cv-01538-TSZ, 2025 WL 2689066 (W.D. Wash. Sept. 19, 2025).

For these reasons, petitioner's motion to enforce judgment is denied.[3]

**B.**     ***Sua Sponte* Sealing of Documents**

As noted, petitioner has submitted personally identifiable information of individuals who are not parties to this case as exhibits in support of his reply brief.  *See e.g.*, (Doc. No. 20-1.)

"It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents."  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).  Under Ninth Circuit precedent, the "good cause" standard applies to requests to seal documents which are attached to a non-dispositive motion whereas the "compelling reasons" standard applies to requests to seal documents which are attached to dispositive motions.  *Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1096–98 (9th Cir. 2016).  A review of petitioner's exhibits reveals that they include personally identifiable information.  Such information is sealable under both the "good cause" and "compelling reasons" standards.  *Daybreak Game Co., LLC v. Takahashi*, No. 25-cv-01489-BAS-BLM, 2025 WL 3677379, at *3 (S.D. Cal. Dec. 16, 2025) (collecting cases where courts sealed

---

[3]  Even if the exhaustion requirement were to be waived, the court would be unable to determine if its order was complied with because no transcript of the bond hearing has been submitted to this court.

documents under the "compelling reasons" standard on the basis that they contained personally identifiable information).  Accordingly, compelling reasons appearing, the court will *sua sponte* direct the Clerk of the Court to seal Doc. No. 20-1 in its entirety.

For the reasons explained above:

1.  Petitioner's motion to enforce (Doc. No. 17) is denied;

2.  The Court directs the Clerk of the Court to seal Doc. No. 20-1 in its entirety; and

3.  This case remains referred to the assigned magistrate judge for further proceedings on the pending petition for federal habeas relief.

IT IS SO ORDERED.

Dated:    **March 26, 2026**                          _____

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

4