UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MANVIR SINGH, A-233-796-183,

Petitioner,

v.

PAMELA BONDI, et al.,

Respondents.

No.  1:26-cv-00789-DAD-CKD P

FINDINGS & RECOMMENDATIONS

Petitioner Manvir Singh is detained by Immigrations and Customs Enforcement (ICE) and proceeds without counsel on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Respondent has answered the petition. (ECF No. 25.) Petitioner filed a reply. (ECF No. 26.) For the reasons set forth below, the undersigned recommends the petition be denied to the extent petitioner seeks further relief other than that already received in the form of a court-ordered bond hearing under 8 U.S.C. § 1226.

Petitioner is a citizen of India who entered the United States with his parents on or around August 5, 2023, having fled India with his family to escape persecution. (ECF No. 1, ¶¶ 2-3.) On or about December 10, 2025, petitioner was arrested by ICE in the interior of the United States, outside his place of employment. (Id., ¶ 4.)

The pending petition asserts three causes of action: (1) Violation of 8 U.S.C. § 1226(a) (Unlawful Denial of Release on Bond); (2) Violation of Bond Regulations, 8 C.F.R. §§ 236.1,

1

1236.1 and 1003.19 (Unlawful Denial of Release on Bond); and (3) Violation of Fifth Amendment Right to Due Process. (ECF No. 1 at 12-14.)

The court finds petitioner is detained under 8 U.S.C. § 1226, rather than § 1225, because he was detained by immigration officials in the interior of the United States after living here for some period of time. See, e.g., Barbosa da Cunha v. Freden, 175 F.4th 61, 71 (2nd Cir. 2026) (holding § 1226(a) governed detention where there petitioner was arrested within the interior of the United States after living here for more than twenty years); Castañon-Nava v. DHS, 161 F.4th 1048, 1061 (7th Cir. 2025) (generally speaking, "ICE's authority to detain a noncitizen discovered within the country derives from § 1226(a) and not from § 1225(b)"). Section 1226(a) "is the default detention statute for noncitizens in removal proceedings[.]" Avilez v. Garland, 69 F.4th 525, 529 (9th Cir. 2023). But see Buenrostro-Mendez v. Bondi, 166 F.4th 494, 502 (5th Cir. 2026) (individuals who have never been formally admitted into the United States and who are arrested in the interior of the country are properly subject to detention under § 1225(b)(2)); Avila v. Bondi, 170 F.4th 1128 (8th Cir. 2026) (same).

Under § 1226(a), the government has discretion whether to release or detain the individual, subject to "extensive procedural protections… including several layers of review of the agency's initial custody determination, an individual before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1202 (9th Cir. 2022). Section 1226(a) expressly authorizes release on bond or conditional parole. See 8 U.S.C. § 1226(a)(1)-(2).

On February 6, 2026, the district court judge assigned to this case ordered, by way of preliminary injunctive relief, that petitioner be provided an individualized bond hearing before an immigration judge (IJ) pursuant to 8 U.S.C. § 1226(a) within seven days. (ECF No. 7.) Thus, the harm petitioner alleges in relation to being denied a bond hearing has been remedied. See Rodriguez v. Bostock, 779 F. Supp. 3d 1239, 1263 (W.D. Wash. 2025) (explaining "the specific harm [petitioner] alleges—that he is unlawfully barred from receiving a bond hearing on the merits—is remedied by granting his request for a bond hearing under Section 1226(a)[.]").

2

Petitioner also requests the court order his release from custody. However, petitioner provides no authorities showing he is entitled to an order of release. All claims in the petition are premised on the alleged deprivation of an individualized bond hearing or denial of bond. A bond hearing pursuant to § 1226(a) was already ordered to be provided and was provided, and the IJ denied bond based upon the finding that petitioner posed a flight risk. (ECF No. 19-2 at 2.) Petitioner filed a motion to enforce judgment, asserting the IJ failed to meaningfully consider the evidence petitioner presented at his bond hearing. (ECF No. 17.) The district court judge assigned to this case denied the motion, finding petitioner was required to exhaust his administrative appeals challenging the IJ's bond decision. (ECF No. 21 at 3.)

Petitioner argues in reply that he has now been continuously detained since December 10, 2025, and the custody determination was more than four months ago. (ECF No. 26 at 2-3.) Petitioner argues the IJ's concerns about petitioner's housing stability and the adequacy of proposed sponsors "can now be addressed through less restrictive alternatives to detention[.]" (ECF No. 26 at 3.) Petitioner does not, however, identify any specific relevant factors in support of his release on bond that were not considered and rejected by the IJ at the previous hearing.

Under the framework of Mathews v. Eldridge, 424 U.S. 319 (1976), due process does not require a second bond hearing at this time. The Mathews test considers three factors: (1) the private interest affected; (2) the risk of an erroneous deprivation and probable value, if any, of additional or substitute procedural safeguards; and (3) the government's interest. Mathews, 424 U.S. at 335.

Petitioner has a "substantial" private interest in freedom from prolonged detention. See generally Rodriguez Diaz v. Garland, 53 F.4th 1189, 1207 (9th Cir. 2022) (noting general circuit precedent "that an individual's private interest in 'freedom from prolonged detention' is 'unquestionably substantial'"). However, petitioner's private interest in receiving a subsequent bond hearing at this time is limited where he has not shown there is any significant new or additional evidence not considered by the IJ at the previous bond hearing. For the same reason, the court does not find additional or substitute procedural safeguards are likely to be beneficial currently. Given the government's interest in ensuring successful execution of removal orders

through detention of removable noncitizens, Rodriguez Diaz, 53 F.4th at 1208, the Mathews factors considered together do not support granting further relief on the present petition. Accordingly, petitioner does not show he is presently in custody in violation of the Constitution or federal law.

For the reasons set forth above, IT IS RECOMMENDED as follows:

1. Petitioner Manvir Singh's application for a writ of habeas corpus under 28 U.S.C. § 2241 be denied to the extent petitioner seeks further relief other than that already received in the form of a court-ordered bond hearing under 8 U.S.C. § 1226.

2. Petitioner's motion to expedite adjudication (ECF No. 22) be denied as moot.

3. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 17, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 sing0789.mer

4