UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MANVIR SINGH,

Petitioner,

v.

TODD BLANCHE, et al.,

Respondents.

No. 1:26-cv-00789-DAD-CKD

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PETITION FOR WRIT OF *HABEAS CORPUS*, AND DENYING MOTIONS TO EXPEDITE AND FOR JUDGEMENT AS MOOT

(Doc. Nos. 22, 27, 29)

Petitioner Manvir Singh is a federal immigration detainee proceeding with a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(17).

On June 18, 2026, the assigned magistrate judge issued findings and recommendations recommending that petitioner's petition for writ of *habeas corpus* (Doc. No. 1) be denied. (Doc. No. 27.) Specifically, the magistrate judge found that petitioner was already provided a bond redetermination hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a), and the immigration judge denied bond based on a finding that petitioner posed a flight risk. (*Id.* at 2–3.) Further, the magistrate judge found that the harm petitioner alleged in relation to being denied a bond hearing has been remedied. (*Id.*). The magistrate judge also found that petitioner had failed to exhaust his administrative remedies challenging the immigration judge's bond decision. (*Id.)*

The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within 14 days of service. (*Id.* at 2.) Petitioner timely filed an objection. (Doc. No. 28.)

In his objection, petitioner argues that his continued detention has become unreasonable, prudential administrative exhaustion should not be required, and that his prior bond hearing failed to satisfy due process. (Doc. No. 29.) However, petitioner has failed to provide any statutory basis in support of his contention that his detention is unauthorized or otherwise violates due process. (*Id.)* Additionally, petitioner has not demonstrated that the bond appellate process is somehow inadequate, futile, or that irreparable injury would result here so as to waive the prudential exhaustion requirement. *Leonardo v. Crawford,* 646 F.3d 1157, 1160–61 (9th Cir. 2011); *Puga v. Chertoff,*488 F.3d 812, 815–16 (9th Cir. 2007); *Laing v. Ashcroft,* 370 F.3d 994, 1000–01 (9th Cir. 2004).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

For the reasons above,

1. The findings and recommendations issued on June 18, 2026 (Doc. No. 27) are ADOPTED IN FULL;
2. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is DENIED;
3. Petitioner's motion to expedite adjudication (Doc. No. 22) and motion for judgement (Doc. No. 29) are DENIED as having been rendered moot by this order; and
4. The Clerk of the Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated: **November 12, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE